**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BARNAVIS STALLINGS,** Petitioner, v. **KEN CLARK, Warden,** Respondent. | **NO. CV 08-120-AHM(CT)** **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including the magistrate judge's report and recommendation and petitioner's objections. This court concurs with the magistrate judge's report and recommendation.

Since the magistrate judge issued her report and recommendation, the Ninth Circuit issued its opinion in Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), which is relevant to petitioner's second ground for relief.[1] In Butler, the Ninth Circuit confirmed that, under California law, the presence of only one sentencing factor is necessary to set the upper term as the

[1]On page 9, line 6, the report and recommendation erroneously referred to petitioner's second ground as ground "three." Petitioner raised only two grounds and challenged his sentence in ground two.

maximum sentence, and, therefore, "if at least one of the aggravating factors on which the judge relied in sentencing [petitioner] was established in a manner consistent with the Sixth Amendment, [petitioner's] sentence does not violate the Constitution." 528 F.3d at 643. As discussed in the report and recommendation, in imposing an upper term sentence, one of the factors cited by the sentencing judge was petitioner's numerous prior convictions, which are documented in the probation officer's report. The fact that a defendant has numerous prior convictions is an aggravating factor that justifies an upper term sentence. See Cal.Rules of Court, Rule 4.421(b)(2). As the Ninth Circuit recognized in Butler, the fact of a prior conviction remains an exception to the constitutional requirement that facts that increase a defendant's sentence beyond the statutory maximum must be found by a jury beyond a reasonable doubt. 528 F.3d at 643-44. Accordingly, as the magistrate judge found, petitioner's upper term sentence did not violate the Sixth Amendment.

Further, even if error occurred, it was harmless. See Washington v. Recuenco, 548 U.S. 212, 222 (2006); Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). Petitioner's history of prior convictions and parole and probation violations were documented in the probation officer's report, which was lodged by respondent in this case.

Accordingly, IT IS ORDERED:

1. The report and recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all

counsel or parties of record.

DATED: 10/17/08

A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE